Next case on our call this morning is case number 107391, People of the State of Illinois-Apolli v. Evelyn Santiago. Good morning, Your Honors. Denise Avant appearing for appellant Evelyn Santiago. On June the One detective started one investigation against one defendant concerning one injury. And from this one investigation into this one injury, one office of the state generated two separate charges, one civil and one criminal. The question before this court this morning is the application of Illinois Supreme Court rule 4.2, which is commonly called the no contact or anti-contact rule. The question essentially is whether the rule is going to apply to whether the subject of the representation applies in cases where you have the same injury to the same victim and the state files two separate actions in different divisions of the circuit court or whether the rule is only going to apply to specific cases. We urge on behalf of Ms. Santiago that the rule applies in a case like this because of the principles and the purposes behind the adoption of rule 4.2. We further urge that the state's attorneys involved in the intimate questioning of Ms. Santiago were not authorized by law in such a way as to keep them from contacting her child protection attorney. And furthermore, the trial judge who was his experience properly excluded only the statements given to the prosecutors that Ms. Santiago made. He is based on the American Bar Association's rules. The purpose of rule 4.2 is that to protect the client from overreaching by attorneys, to protect the lawyer client relationship from interference by other counsel, and to protect the client's interest from disclosing privileged information. Ms. Saban, could you tell me if this court is the only court that has authority to discipline attorneys for those kinds of conduct, how did the circuit court have authority to suppress the evidence or in any particular case regarding that rule? Justice, we have alleged in our brief that the judge in his day-to-day administration of justice and in conducting fair trials, that this is what gave him the punishment of the individual attorneys. Because certainly this court in any kind of disciplinary proceeding could take action against the individual attorneys. Meanwhile, the office of the Cook County State's Attorney, which is actually the office that brought the charges, not the individual attorneys, would still So therefore, the judge properly exercised his inherent authority to suppress evidence that should not have, that should not, because of the violation of the rule, should not have been before him in the first place. Ms. Saban, is this a matter of statutory construction at all with respect to 4.2? Yes, Judge, it is in that it's to interpret Supreme Court rules in the same way that you would any other statute. And with respect to that, I believe the state talks about the definition of the word matter and whether the matter that's being referred to here is the criminal matter rather than the juvenile matter. Yes, that is correct. How do you address that argument? Well, Judge, as the dissent correctly notes, it's in that matter. You have to be talking about something and you're talking about that that really goes back to the subject of the representation. And the subject of the representation in this case, the only reason why Ms. Santiago had representation in the child protection case was because of the injury to her daughter on June 21st. The only reason for that, of course, was because the state had brought an action in child protection court to determine her responsibility and remove the children in order to protect them. And two months later, well, the investigation continued by one detective in particular. And he, two months later, called her down to the police station and continued questioning her about the very same incident. And under those circumstances, the child protection attorney should have at least been contacted so that she could be present during the questioning. Now, I believe that you can see that the, let me get it here, I want to get this right, that the circuit court found that the prosecutors did not have actual knowledge that the defendant had an attorney for her child protection case, right? That is correct, Judge. He said that they didn't have the specific, the personal knowledge. So on what basis, then, did the trial court rule, assuming for the purposes of argument, that Madder included the juvenile case as well as the criminal case? Judge, he imputed the knowledge of the office to the prosecutors. And, in fact, that is the correct interpretation. Because the knowledge of the, both attorneys, both sets of attorneys, if I might, if I will, could work for the Cook County State's Attorney's Office. The child protection assistance worked for the Cook County State's Attorney's Office. And the felony review attorneys worked for the Cook County State's Attorney's Office. So, accordingly, the knowledge could be imputed over to the felony review attorney. Furthermore, the preamble to the trial court, the preamble to the disciplinary rules definitely says that knows, knowing, or knowingly refers to the circumstances. And that a lawyer cannot avert her eyes to the obvious. This is a situation where a child was physically injured. And it is not unfathomable or unreasonable that any office should bring action to protect the child. The attorneys involved in this case, one of them specifically knew that there was a child protection case. And that Ms. Santiago's children had been taken away. Further, they consulted with a detective who knew that there was a child protection case. And so, certainly, in reviewing the matter with him, that his knowledge is imputed to them as evidence. As well, the other assistant knew that she was, that Ms. Santiago was suspected of abusing the child. So for those reasons, just because they didn't have specific personal knowledge, that's not acceptable in this case. The judge appropriately and correctly found that the knowledge of the child was imputed to them. If there was a different state agency involved, would the result be different? If the Cook County State's Attorney's Office were representing that agency, the result would not be different. Well, what if it's the Attorney General in the Cook County State's Attorney's Office? Well, Judge, in that case, I think that it's an arm of the prosecution and you have to impute the knowledge. What if it would be like an automobile accident? An agent of the Secretary of State and the prosecutor? I would still say it involves a prosecutor. If it involves a prosecutorial response action, the whole point is that it involves the prosecutor's office and they are representing, as representatives of the state, and so therefore the knowledge can be What about the United States Attorney's Office? Judge, I don't think that's a different jurisdiction entirely. It's the jurisdiction that determines when this new rule is going to apply? Pardon me? So it's the jurisdiction that determines whether or not this new rule applies? Yes, for the purposes of these attorneys, yes, it's going to determine. This is a state court case. Both matters are state court cases, both the child protection case as well as the criminal case. It does not involve any of the federal jurisdictions. Ms. Avant, we're talking about knowledge that should be imputed to this attorney or perhaps that she should have known, and you also acknowledge that this rule of professional conduct is something that this court enforces. In the event there were a complaint filed against her under the rule, do you think that the ARDC could find that she violated by, in the party could be represented by another lawyer? Yes, Judge, I think that the ARDC could find, because of the fact of the circumstances, as lawyers... She doesn't have to know, she has to, she should have known or she should know that it's possible, and then she could be in violation of the rule and be disciplined. Is that your position? Yes, Judge, it may affect the type of discipline that is imposed. How far does a person have to go then to investigate whether the party may be represented by counsel in some other matter in court that has the, that the agency is in the same, out of the same set of facts, but it's completely different matters. How far does that lawyer have to go to protect him or herself from charges of violating the rules of professional conduct? Well, when, as here, you have attorneys working for the same office and as lawyers we are to use our common sense, it really simply involves just a simple phone call. It does not require any great complexity. It requires that they call over to another division and ask if a child protection matter is involved and who are the, who is the private attorney or the attorney in that case. Would this attorney be protected by the fact that in the disciplinary action that this was a separate matter in the child protection division? No, Judge, I do not believe, because of the fact that it's the same case. It's the same case, and that's why the, the, the, the attorney is not protected. Ms. Yvonne, I have a question with regard, as a follow-up to Justice Carmeier, and that is when an attorney has, say, for instance, in this case, participated in this kind of conduct, the trial court imposed a penalty because of the conduct. Was there any kind of investigation the trial court, you know, participated in to impose the conduct to keep the evidence, you know, to suppress the evidence or not suppress the evidence? And then again, wouldn't that be imposition of a double penalty if, again, that same conduct was brought before the ARDC, they investigated and imposed conduct on the person of the attorney, not just what her, the effect was on the trial? Judge, before the trial judge excluded this evidence, he heard testimony at a hearing on the motion to suppress. So therefore, the counsel for appellant in the criminal case, as well as the office of the state's attorneys, the prosecutor in that case, were able to flush out all of the facts that would be relevant to this particular issue. Once more, again, I would state to the court that it's not the, when the trial judge excluded the evidence, he excluded it from the prosecution. He had two choices at that point. He could exclude the evidence or, and let the state go on with the rest of its case, which actually the way he fashioned the order, he did, because her statements to the police were still present, as well as any other evidence the state chose to use, or he could have really behaved in the extreme and just said, I'm dismissing the entire indictment. He did not do that. He, as a matter of fact, he took some months to think about his decision before making it. The ARDC's action, and again, I'm not saying that it's not, it doesn't carry great weight, it's against the individual attorney. It is not against an office. Even if the ARDC were to take action against the office, against the attorneys, the office, the trial would go on, and the office of the state's attorney would still be able to use this evidence that was gathered without her child protection attorney being contacted. Ms. Zavon? Yes, sir. The motion to suppress that was brought in the criminal matter, was the only basis for that motion 4.2? No, Judge, he actually, he filed his first motion, he filed three motions. He filed a motion to crash arrest based on probable cause. He filed a second motion, the motion to suppress based on involuntariness and failure to get her to the nearest judge. And then he filed this supplemental motion, and it is that motion that raised the 4.2 issue. All right. So with respect to this suppression of the statements at issue here, the only basis was 4.2? Yes, that is correct. The only reason for excluding the evidence here was the 4.2. Now, does that fact, the fact that there is not another basis within the criminal case itself, lend itself to this court looking at that, or is there any way that that is persuasive that they are two matters that we're dealing with here? Some courts in other jurisdictions do look at the fact that no constitutional violations have occurred. However, I'm urging this court, because of the fact that this is the same occurrence, and you have two cases that are so very close connected, that have, you have the impact of statements, the impact on both cases, and they are, have a heavy interplay, that given the heavy price that defendants have to pay, and the fact that there are two cases that are so very close connected, and the defendant is paying, that exclusion, that is, that this court should uphold the decision of the trial judge. It should reverse the appellate court's decision and uphold the decision of the trial judge. Judge, just finally and just briefly, the prosecutor's conduct is not authorized by law. If every time they engage in an investigation, they could say, well, we gave our constitutional rights, and we are empowered to investigate, then that would make it that we don't have to contact counsel. That would just simply eviscerate the rule, and we would be back to square one, and the rule would never apply to prosecutors. And it would set them apart from all other lawyers in the state. No one is saying that the state does not have a right to bring these two actions. No one is saying that they don't have a right to even interview Ms. Santiago. All that we have alleged in the appellate court below and here today is that rule 4.2 was violated, because her child protection attorney was not contacted, and she was in no position to assist and aid her client and keep her client from getting involved in giving her case away or from giving up privileged information. Thank you. Counsel, does the rule apply to the public defender side and the defense side also? Yes, Judge. We cannot discuss unless we contact other public defenders and other attorneys where we have co-defendants. We must. What about in this case? Was the public defender who was representing her on the criminal charges required to get permission from counsel in the juvenile matter before they proceeded to talk with her? Well, no, because now he's representing her in that case. The record is not clear, it's not as silent as to whether how often he talked to her. Just a moment, counsel. You may proceed. Good morning, Chief Justice, your honors. My name is Veronica Calderon-Malavia. I'm an assistant state's attorney representing the people of the state of Illinois in this Cook County matter. The issue of whether rule 4.2 governs the communication between defendant and the prosecutors in this case is a question of statutory construction. Defendant's interpretation, however, violates the fundamental rule, fundamental principle of statutory construction. Their words and phrases should not be viewed in isolation. Defendant focuses exclusively on the term matter and argues that because the child protection proceedings and the criminal case stem from the same incident, they are the same matter. However, the existence of a factual overlap does not mean that an attorney represents an individual on two legal matters. There's no question, your honors, that the plain language of the rule presupposes an attorney-client relationship with respect to a particular matter. In other words, it is the attorney-client relationship with respect to a specific matter that controls the rule's application and scope, not a factual overlap. Hence, the question that must be answered here is whether the attorney-client relationship between attorney McGregor and defendant extended to the criminal case. And there are three significant components for the role to be at play. The first two go as to the formation of an attorney-client relationship. The client, your honors, must manifest her authorization that an attorney act on her behalf. And that attorney must indicate an acceptance of the power to act on behalf of a client. And this attorney-client relationship must be formed with respect to a particular matter. And it is this specific matter that constitutes the subject matter of the representation for purposes of Rule 4.2. Your honors, here, the record proves that the attorney-client relationship between attorney McGregor and defendant did not cover the criminal case. The order appointing McGregor was limited only to the child protection proceedings. After defendant was charged, McGregor did not represent defendant in the criminal case. In fact, the criminal court appointed another attorney for that representation. In fact, your honors, the child protection proceedings and the criminal case, they had a different timeline. In fact, the child protection proceedings are terminated and closed, while this criminal case is still in a pretrial posture. Moreover, the fact that a criminal investigation generated evidence that could impact the two proceedings doesn't change the fact that defendant was not represented by McGregor while questioning. Nor does the fact that defendant may have benefited from attorney McGregor's legal expertise change the fact that defendant had an unrepresented status. Your honors, even the dissent acknowledged that it was not finding that McGregor represented defendant in the criminal matter. This highlights the absurdity of applying Rule 4.2, because it is applying an ethical rule that is intended to shield an attorney-client relationship in a situation where the defendant is not represented. Thus, even if defendant's position is right, that the purpose of the rule is to protect an unskilled attorney from a low representative person, here the purpose of the rule wasn't defeated because defendant was not represented in the criminal case. In the defendant's reply brief, they suggested that the people's interpretation places a rich person with a retainer in a better position. Even in that case, there has to be a formation of an attorney-client relationship with respect to every specific matter. On each and every matter, a rich defendant must contact a retained attorney and ask for representation. And that attorney, on each and every matter, must accept representation. In fact, defendant's interpretation, your honors, would fundamentally alter our understanding of an attorney-client relationship. How is an attorney to know he has a duty to act if he doesn't even know the new matter exists? And perhaps most telling of defendant's absurdity of defendant's position is found in the example. If defendant is right, her appointed attorney in the criminal case would have had to seek the consent of McGregor even before speaking to the defendant in the case. Your honors, despite defendant's position that the rule is intended to deter the Cook County State's Attorney's Office as a whole in criminal cases, this court must be mindful that this rule also applies to civil lawyers. And defendant's interpretation would wreak havoc in that area also. For example, if a businessman has corporate counsel and he seeks the advice of a tax attorney, that tax attorney may be in violation of Rule 4.2 if he doesn't get the consent of corporate counsel. If other people urge this court to reject defendant's erroneous interpretation of Rule 4.2 and find that defendant was not represented for purposes of the criminal investigation. Also, even if this court does find that they were the same matter, the prosecutors did not violate the rule because they did not have actual knowledge. Rule 4.2 uses the term knows. It doesn't use the term should have knows. It says knows and the terminology is defined in the rules as actual knowledge. There's no question, your honors, that the plain language of the rule requires actual knowledge. And the court here found that the prosecutors did not have personal knowledge of the representation and did not willfully violate the rule. However, it used the doctrine of imputed knowledge and imputed the knowledge of the officer or the detective on these individual attorneys. However, it is the people's position that the imputed knowledge does not apply in Rule 4.2. First, one of the biggest reasons is that in the rule it doesn't use the doctrine of imputed knowledge. I mean, this court has applied imputed knowledge in the rule. It has explicitly stated so, as it has done in Rule 1.10. Also, it's important to note that Rule 4.2, it addresses the communication of an individual lawyer, not a firm, not the state's attorney's office in itself. When rules have been used to apply to a law firm or a government agency, it's not the state's attorney's office. It's a governmental entity. The rules have used the term firm. So it would be improper to impute the knowledge of the state's attorney's office to these individual prosecutors. Again, there is no factual basis to support the requisite intent in this case. The prosecutors did not have personal knowledge. Moreover, Your Honors, even if this court finds the requisite knowledge, the communication between the defendant and the prosecutors was authorized by law. As a starting point, both parties agree that the exception covers undercover scenarios. However, that's where the agreement ends. According to the defendant in her briefs, this is an extended exception and it does not cover custodial settings. However, the defendant fails to present any support for this limited interpretation. The plain language of the rule exempts all communications that are authorized by law. It makes no distinction between the type of communication or the setting in which that communication takes place. Your Honors, in fact, as far back as 1995, an ABA formal opinion explained that authorized by law is satisfied by a constitutional provision having the form of a force and effect of law that expressly allows for a communication to occur in absence of counsel. Counsel, could you please explain the penalty here? Does the trial court have the authority to impose discipline because of the attorney's conduct? No, Your Honor. This court has delegated that authority of the issue of ethical violations to the ARDC. And the circuit court would not have the authority to impose a remedy for an ethical violation alone. Isn't that what the court did here? Yes, it did. And it's the people's position that there was an error as a matter of law and that it did not have such authority to do so. Especially where the communication was authorized by law in the incident case. Was there any attempt by the trial judge, I asked the question of Ms. Yvonne, as to whether there was any other basis brought by the defendant with respect to the motion to suppress. In the trial court's ruling, anything that he said, was there any other basis used outside of 4.2? Did he try to analogize it to a discovery violation or something of the sort to get to the result separate and apart from 4.2? Absolutely not. The trial judge found the testimony of the prosecutors credible with respect to the other issues the defendant raised. And the only basis that was argued at the end of the hearing was a violation of Rule 4.2. It was the only issue that was before the trial court. And clearly the court did not have the authority to consider an ethical violation. This court has delegated that authority to the ARDC. And the proper avenue would have been the ARDC. And it did not have the authority to suppress constitutionally obtained evidence in a criminal trial. That's an extreme remedy. And it's an extreme remedy that was entirely inappropriate. And basically what the trial court's decision does, it creates a private action. Does the trial court have the authority under Rule 137 for sanctioning a lawyer to seek a portion of the rule for sanctioning a lawyer for a crime? The rule, I'm not familiar with it, but this is a direct appeal. It's not a collateral. This is an actual, it's not a collateral proceeding to the criminal trial. The remedy that the trial court did here was at the actual pretrial for conviction. And it was imposing it at the trial. I think I misstated 137 deals with privileged colleagues. Doesn't the trial court have the right to sanction privileged colleagues? Yes, I'm not familiar with that. I'm not sure how it applies in this case. It would not apply in this case, but the trial court does have authority in some situations. And this court has delegated, specifically delegated authority. For example, this court has delegated authority in discovery violations. And in civil appeals, this court has delegated authority to impose sanctions with respect to civil appeals. But there's nothing in this court's rules, in fact, there's nothing in this court's new version of Rule 4.2 that gives the trial court the authority to litigate an ethical claim or an ethical violation, especially Rule 4.2, and use it as a vehicle to suppress constitutionally based evidence. In fact, it was completely erroneous here because the communication was authorized by law. The prosecutors uttered defendant's rights. The merandizer, when defendant invoked the demand, they all questioned and seized until she re-initiated herself. And suppression here is just too of a heavy cost when you suppress constitutionally obtained evidence in a criminal trial. If there's any questions? For these reasons, people ask this court to affirm the appellate court and remand the case for trial. And I wish to respond to some of the points made by counsel, if I may. First of all, with regard to the state seemed to apply that it applied to individual attorneys and since it doesn't use the word firm, that it doesn't, the rule doesn't apply. The ABA comments to the rule specifically say that it applies to government prosecutors. The one case in this state, the one state court case anyway, White, says that it applies to attorney prosecutors. Prosecutors typically work for the government. So in that situation... Does that mean it necessarily involves the suppression of evidence in a criminal case? Yes, it does. The provision may not, we always have argued and continue to argue that the trial judge as part of this inherent authority, something that a judge does every day is to determine what evidence should be excluded and what evidence should be admitted. And because you had a violation of the disciplinary rule, which... Can you point to any particular location where the trial judge is given the authorization? Well, for example, in a discovery violation, the judge can exclude... And you can point to a rule that permits that. My question is, can you point to a rule that calls for the suppression of criminal evidence other than that which we already have? There's nothing that, there's no case such as this one or any other case that... No Supreme Court rule? No statute, Judge, that I'm aware of. Ms. Savant? Yes, sir. If this indeed was a violation of the rule, someone somewhere along the line arguably would have a duty to report that prosecutor to the ARDC, is that right? Yes, Judge, that someone would have that duty if a violation, since a judge has found a violation. All right. And let's just say by the time that violation is prosecuted by the ARDC, that this defendant is acquitted of the crime. And let's further the example that the ARDC finds no violation of the rule. Then what? Judge, if she's acquitted of the crime, the matter is over. If the ARDC has found no violation of the rule, if it determines that... So if the ultimate arbitrator, whether there's a violation of the rule is the ARDC, and then presumably this court, if it gets up to this court. I mean, the ARDC can look at it and just dismiss it. Then the trial judge has suppressed evidence in a criminal case based on a finding by the ultimate arbitrator that there wasn't a violation of the rule. Is that right? Yes, that's what the judge has done. But what the judge has done is in his experience and in his understanding of law, made a decision about this case. He's not making a decision about the violation of the rule. As a matter of fact, he found no willful violation by the two prosecutors in this case. So on that basis alone, the ARDC could find no violation, but nevertheless... Based on your argument, the judge found that matter included the juvenile matter, that imputed knowledge equaled knowledge. And all I'm saying is if indeed a judge can do that within his inherent authority, where it's already been decided by this court that any review... Not only is the ultimate arbitrator of the ARDC complaint the ARDC, but the ultimate authority in reviewing that is this court. So this judge has just become judge, jury for the rule, suppressed evidence. I mean, is there a tinge of unfairness there? No, Judge. The reason why I'm saying there's no tinge of unfairness is that the judge's ruling in this case is limited. It's limited only to the prosecutors. The statements that she gave to the police will still be a part of the trial if the exclusion order is upheld. All other evidence that the state had will still be part of the trial. The state is free to go forward. It has not been hindered. All that the judge has done is after reading the case law, and he tells you that he did that. He tells you that he read People v. White and the rules. He has found that the office of the Cook County state's attorney violated the ethical rules here, and that they obtained these statements improperly, and at least the prosecutors, their portion can't be used. Right. I know exactly what he did. So you're saying there is really a co-equal authority here between a trial judge and ethical violations of the rules? As it pertains to a certain case. A trial judge can determine based on what's before him that there's an ethical violation as to 4.2, and at a later point in time, in a similar or even the exact situation, the ARDC can decide otherwise. And the fact that evidence was suppressed in the one case is of no consequence. Only to the extent that the judge has to take care and decide the case before him. I am not in any way saying that he has the authority to discipline the two attorneys. But insofar as the judge has to make a determination about what evidence should be admitted before him, yes, he has the ability. I don't want to say he has co-equal authority, but he does have the ability. We have to give the judge that ability so that he can conduct his trials. Unless there are any questions, thank you for listening, Justices.